UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-103-RLV
(5:11-cr-24-RLV-1)

| | |
|---|---|
| **COURTNEY DIONE COWAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On November 10, 2011, Petitioner was found guilty of Possession of Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1). The presentence investigative report found that Petitioner had two prior convictions that triggered an enhancement to his base offense level under United States Sentencing Guidelines § 2K2.1(a)(2): two North Carolina convictions for common law robbery, both in 2003. On July 9, 2012, the Court imposed an enhanced sentence of 85 months' imprisonment. (Motion to Vacate 1-2, Doc. No. 1.)

On June 15, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the Court's application of U.S.S.G. § 2K2.1(a)(4)(A) when determining his advisory guideline range. That provision applies to a defendant who committed his offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Petitioner

1

contends that common-law robbery in North Carolina does not qualify as a "crime of violence" under the federal sentencing guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On August 17, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 3.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 3) is **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge